### CAROLINE V. BELL v. EMILY G. PISTORIUS.

1. EMPLOYMENT OF COACHMAN BY THREE SEPARATE FAMILIES DOES NOT CONSTITUTE PARTNERSHIP.

 The employment of a coachman by three parties, to serve whichever family should call on him, each maintaining a separate turnout and each paying one third of the coachman's wages, does not of itself constitute a partnership between the employers, rendering all liable for the coachman's negligent acts

2. EMPLOYER CONTROLLING HORSES AND DRIVER ALONE RESPONSIBLE FOR COACHMAN'S NEGLIGENCE.

 For an injury resulting from the negligence of such coachman the employer whom he is serving at the time, and who has complete control over horses and driver, is alone responsible.

3. VIOLATION OF CITY ORDINANCE NOT OF ITSELF NEGLIGENCE.

 The violation of a city ordinance, in driving or causing a carriage to be driven around the corner of a street faster than a walk, is not of itself negligence, or, independent of any other facts, conclusive on that question.

GIFFEN, J.

Emily G. Pistorius was injured by a carriage and horses driven by one James Ward, and the question raised is—was he the servant of the defendant, Caroline V. Bell, at the time, and such as to charge her with responsibility for the accident ? The circumstances of his employment as coachman are as follows: He had formerly been in the employ of Mrs. Caroline Bell, and when he came the second time she said to him: "James, you are to serve all three families, and do the work in the stable. You thoroughly understand. If you are willing to do that and come and live with us, and serve the three families, why we will hire you. My son was sitting by the side of me, and agreed on that point. Mrs. Bishop agreed to it."

The three families referred to were those of defendant, her son Charles Walter Bell, and her daughter Mrs. Carrie Bishop. The three

parties were to pay, and did pay, each one-third of his wages. He was to serve whichever family should call on him, except that Mrs. Caroline V. Bell should have the preference. Upon the day in question the carriage in use was the property of defendant, while the horses belonged to Charles Walter Bell, permission to use the carriage having been first obtained from Mrs. Caroline V. Bell.

On the day of the accident, Mrs. Chas. Bell had ordered the coachman to harness the team of horses belonging to her husband, and drive down into the city for the purpose of consulting a physician, and after so consulting him, directed the coachman to drive to a pharmacy on Fourth street; and while on this errand the accident occurred. It is contended that the employment of the coachman by the three parties constituted the latter partners, and hence all liable for his negligent acts. This result would follow in the event of a partnership relation, because of the partners being treated as principal and agent.

It is said by Judge Day, in Harvey v. Childs, 28 O. S., 321:

"Although a partnership may be said to rest upon the idea of a community of profits, nevertheless the foundation of the liability of one partner for the acts of another is the relation they sustain to each other, as being each principal and agent. That relation, it would seem then, constitutes the true test of a partnership liability, and rests upon the just foundation that the joint liability was incurred on the express or implied authority of the party sought to be charged."

In the case at bar the three parties do not combine their property, labor or skill in any enterprise or business, nor do they share in the profits and losses of any enterprise, nor are there any other facts showing the relationship of principal and agent constituting a partnership.

Mrs. Charles W. Bell on this day had complete control of the horses and driver, as she did on all other occasions at her election, not as the agent or bailee of Caroline V. Bell, but as the agent, if at all, of her husband, Charles W. Bell, who was one of the joint employers of the coachman. Having once obtained such control for a particular day, she was only exercising a right accruing by reason of the contract made by her husband, and without interfering with the rights of Caroline V. Bell and Mrs. Bishop. This case is distinguished from those cited in which it is held that, although the person hiring the horses and driver has control of the same during their use, yet the liveryman who lets them for hire is liable for the negligence of the driver. The right to drive and control the driver on this occasion, as well as all others, was derived from the contract of employment, and was not greater in one than the other of the employers. Mrs. Charles W. Bell represented her husband as one of such employers.

We conclude that defendant, Caroline V. Bell, was not liable for the negligence of the servant in causing injury to plaintiff.

The only other error complained of is the paragraph of the general charge of the court designated 6, to-wit:

"If you find that the defendant, through her agent, the coachman, drove or caused the carriage to be driven around the corner of Fourth and Race streets faster than a walk, I charge you that this was negligence on the part of the defendant, Caroline V. Bell. And if you further find that by reason thereof the plaintiff was injured, without fault on her part, then the plaintiff is entitled to recover."

This charge relates to a violation of the city ordinance, and in effect instructs the jury that such violation amounts of itself to negligence;

that, independent of any other facts, it is conclusive on that question. We think this was error.   Meek v. Pennsylvania Co., 38 O. S., 632.

Nor does C. H. & D. R. R. Co. v. Murphy, 50 O. S., 135, cited by counsel, support the charge in question.   In that case the court was reviewing the testimony, and found that there was such a violation of the ordinance as showed negligence; but in the case at bar, the instruction directs the jury to find a violation of the ordinance conclusive evidence of negligence, independent of any other fact or circumstance that might excuse or justify such violation.

Judgment reversed and cause remanded.

*Peck, Shaffer & Peck,* for plaintiff in error.

*John S. Conner* and *Joseph W. O'Hara,* contra.